296 So.2d 55 (1974)
HASTINGS POTATO GROWERS ASSOCIATION, a Non-Profit Corporation, Existing under the Laws of Florida, Appellant,
v.
E. Earl POMAR, Sr., et al., Appellees.
No. T-42.
District Court of Appeal of Florida, First District.
June 18, 1974.
Alan B. Fields, Jr., of Dowda, Hedstrom & Fields, Palatka, for appellant.
*56 Richard O. Watson, and Frank D. Upchurch, Jr., of Upchurch & Upchurch, St Augustine, for appellees.
JOHNSON, Judge.
By this appeal, appellant seeks reversal of a final judgment which declared null and void a mortgage of property held by a trustee in trust for the beneficiaries and denied foreclosure of said mortgage by appellant.
The appellant-mortgagee is an agricultural cooperative marketing association, and the trustee and her son had for some years obtained financing from appellant to maintain their farming operations. As time passed, these operations began to fail and the trustee became more and more indebted to appellant. Eventually, the trustee and her son were required to provide additional collateral for the increased indebtedness and they mortgaged to appellant the property held by the trustee in trust for the beneficiaries (the minor grandchildren of the trustee). The mortgage stated that the mortgagor was acting as a trustee under a trust provision of a last Will and Testament. The trust provision gave the trustee great discretion and powers in the management of the trust.
However, unknown to appellant, the trustee had previously been chastised by the court in trust proceedings for misapplication of funds and had been directed not to encumber, mortgage or pledge the trust property without court approval.
Eventually, the trustee defaulted on the debts owed to appellant and appellant instituted the present foreclosure action. The trial court held, inter alia, that the trustee was without authority to encumber the land held in trust, that the mortgage as to said land was therefore null and void and foreclosure by appellant upon the trust property was denied.
The appellant contends herein that said final judgment must be reversed for the reasons that the terms of the trust gave the trustee sole and absolute discretion in the management of the trust, that the court cannot rewrite the terms of the trust, and that appellant was a bona fide purchaser for value. With these contentions, we cannot agree.
Florida Statutes, § 737.02, F.S.A., gives to the Circuit Courts jurisdiction of continuing supervision over the administration of testamentary trusts. Thus, no matter how broad the language of the creating instrument may be, the courts will exercise such continuing jurisdiction to preserve trust property or funds and prevent their mishandling. Also see Florida Statutes, § 737.17, F.S.A. When a trustee has demonstrated his or her inability to manage and preserve the trust estate, the courts have authority to restrict the power of the trustee. This was the situation herein, and the court, by ordering prior court approval of actions by the trustee encumbering the trust property, was properly performing its duty to protect the trust property.
Nor can we accept appellant's contention that it was a bona fide purchaser for value, being aware only of the trustee's power as conferred by the Will. Appellant knew from prior experience that the trustee and her son had a history of unsuccessful farming operations. As mentioned above, the mortgage itself clearly stated that the mortgagor was acting as a trustee. An examination of the trust records would have revealed that the trust management was under the continuing supervision of the Court, as provided for by Florida Statutes § 737.02, F.S.A. Hence, although the result may be harsh, we do not feel that appellant, under the facts of this case, is entitled to the protection of the bona fide purchaser doctrine. Anyone who knowingly deals with a trustee and trust property is put on notice of the trust situation and should make diligent inquiry into the terms of the trust and the authority *57 of the trustee to make a sale or other alienation.
Accordingly, the judgment appealed herein is affirmed.
SPECTOR, Acting C.J., and BOYER, J., concur.